James P. Krauzlis
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------**X**

MUND & FESTER GMBH & CO. KG and ITEM
INDUSTRIETECHNIK GMBH,

       Plaintiffs,

  - against -

INDEPENDENT CONTAINER LINE, LTD. and
CRETE CARRIER CORPORATION,

      Defendant.

-------------------------------------------------------------**X**

**ECF CASE**

18 Civ.

**COMPLAINT**

Plaintiffs, MUND & FESTER GMBH & CO. KG and ITEM INDUSTRIETECHNIK GMBH, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, allege upon information and belief as follows:

## JURISDICTION

1.    This action includes a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1333 and 1337 as this action arises from the intermodal carriage of cargo moving from the United States to a foreign county and said carriage included road carriage governed by federal statutes, including the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack Amendment"), Act of June 29, 1906, ch. 3591, 34 Stat. 584 (1906) (current version as to road carriage at 49 U.S.C. § 14706), as well as substantial intended ocean carriage..

## PARTIES

2.      At all material times, MUND & FESTER GMBH & CO KG. (hereinafter "M&F" or "Plaintiffs") was and is a corporation with an office and place of business located at Trostbrucke 1, Hamburg 20457 Germany, and is subrogated underwriter of the consignment of 114 packages of Profiles and Spares, as more fully described below.

3.      At all material times, ITEM INDUSTRIETECHNIK GMBH. (hereinafter "ITEM" or "Plaintiffs") was and is a corporation with an office and place of business located at Friedenstr. 107 – 109, 42699 Solingen, Germany, and was the shipper and owner of the consignment of 114 packages of Profiles and Spares, as more fully described below.

4.      At all material times, defendant, INDEPENDENT CONTAINER LINE, LTD., (hereinafter "Defendant" or "ICL") was and is a corporation with an office and place of business located at 5620 Cox Road, Glen Allen, VA 23060, and, at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a vessel owning common carrier of goods for hire.

5.      At all material times, defendant, CRETE CARRIER CORPORATION, (hereinafter "Defendant" or "CRETE") was and is a corporation with an office and place of business located at 6800 Carlisle Pike, Mechanicsburg, PA 17059, and, at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a motor common carrier of goods over the road in interstate carriage for hire.

6.      Upon information said defendants conduct business as common carriers, and the provision of services related thereto, with respect to shipments to, from and within the State of New York and the United States as a whole.

7.      Plaintiffs bring this action on their own behalf and as agents and/or trustees on behalf of and for the interest of all parties who may be or become interested in the said

consignments, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

## **RELEVANT FACTS**

8.     On or about February 1, 2017, ITEM, the cargo shipper and/or its agents contracted with ICL to transport a consignment of 114 packages of Profiles and Spares from Solingen, Germany, to Hagerstown, Maryland, via Chester, PA.

9.     On or about February 1, 2017, a consignment consisting of 114 packages of Profiles and Spares, then being in good order and condition, were loaded into and ocean shipping container that had been provided by ICL, numbered ICUU 9160910 and on February 1, 2017, the said ocean shipping container containing the 114 packages of Profiles and Spares, then being in good order and condition, were delivered into the custody and control of ICL and/or its agents in Solinger, Germany, for transportation to Hagerstown, Maryland.

10.     The transportation of the consignment was all arranged in consideration of an agreed upon freight and pursuant to ICL Express Bill of Lading numbered 55650300 dated February 1, 2017, which relate to the 114 packages of Profiles and Spares loaded into container ICUU 9160910.

11.     Thereafter, on or about February 1, 2017, the aforementioned container was loaded aboard the M/V INDEPENDENT VOYAGER on voyage 0568WB in Antwerp, Belgium, and departed for her intended destination.

12.     On or about February 10, 2017, the M/V INDEPENDENT VOYAGER arrived in Chester, PA, and the subject ocean shipping container containing 114 packages of Profiles and Spares was thereafter on-carried by CRETE as a motor common carrier hired and contracted by

ICL to on-carry the subject shipment to the intended destination of Hagerstown, MD, where it was to be delivered to the consignee Item International America.

13.     During the course of interstate motor carriage being performed by CRETE between Chester, PA, and Hagerstown, MD, the aforementioned container ICUU 9160910, on or about February 21, 2017, the subject container and its contents consisting of 114 packages of Profiles and Spares were damaged when the subject container was involved in a one-vehicle traffic accident, causing the container to overturn resulting in physical damage to the cargo inside said container.

14.     The damage to the cargo and the traffic accident as aforesaid was not the result of any act or omission of  Plaintiffs but, to the contrary, was due solely as the result of the negligence, unseaworthiness, fault, neglect, breach of contract of carriage and breach of bailment on the part of the Defendants and/or their agents.

15.     As a result of the foregoing, Plaintiff M&F's assured, ITEM, suffered a loss in the amount of $32,634.83, no part of which has been paid, despite due demand.

16.     At all times relevant hereto, a contract of insurance for property damage was in effect between ITEM and M&F, which provided coverage for, among other things, loss or damage to the consignment.

17.     Pursuant to the aforementioned contract of insurance between ITEM and M&F, monies have been expended on behalf of ITEM to the detriment of M&F due to the damages sustained during transit.

18.     As M&F has sustained damages as the result of said expenditures, expenditures rightly the responsibility of Defendants, M&F has an equitable right of subrogation and is

subrogated to the rights of its insured with respect to any and all claims for damages against the defendant.

19.     By reason of the foregoing, Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $32,634.83.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

20.     The Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in paragraphs 1 through 19, inclusive, as if herein set forth at length.

21.     Pursuant to the contract entered into between the parties, the Defendants owed a contractual and statutory duty to the Plaintiffs, to carry, bail, keep and care for, protect and deliver the Plaintiffs' cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

22.     The Defendants breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiffs' cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

23.     As a direct and proximate result of said breach of contract by Defendants, the Plaintiffs have suffered damages in the amount presently estimated to be no less than $32,634.83.

24.     By reason of the foregoing, the Plaintiffs have sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $32,634.83.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

25.     The Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in paragraphs 1 through 24, inclusive, as if herein set forth at length.

26.     Pursuant to their obligations as bailees for hire of the Plaintiffs' cargo, the Defendants owed contractual and statutory duties to Plaintiffs to carry, bail, keep and care for, protect and deliver the Plaintiffs' cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

27.     The Defendants breached their duties as bailees for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiffs' cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

28.     As a direct and proximate result of the breach of bailment by the Defendants, the Plaintiffs have suffered damages in the approximate amount of $32,634.83.

29.     By reason of the foregoing, the Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $32,634.83.

### AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

30.     The Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in paragraphs 1 through 29, inclusive, as if herein set forth at length.

31.     The Defendants owed a duty to the Plaintiffs to carry, bail, keep and care for, protect and deliver the Plaintiffs' cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

32.     The Defendants breached and were negligent in exercising their duty to carry, bail, keep and care for, protect and deliver the Plaintiffs' cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

33.    As a direct and proximate result of the negligence by the Defendants, the Plaintiffs have suffered damages in the approximate amount of $32,634.83.

34.    By reason of the foregoing, the Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $32,634.83.

**WHEREFORE,** Plaintiffs pray:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That judgment may be entered in favor of Plaintiffs against Defendants, jointly and severally, for the amount of Plaintiffs' damages in the amount of at least $32,634.83, together with interest, costs and the disbursements of this action; and

3.      That this Court grant to Plaintiffs such other and further relief as may be just and

proper.

Dated: New York, New York
       February 20, 2018
       260-248

                                        CASEY & BARNETT, LLC
                                        Attorneys for Plaintiffs

                                 By:    _____
                                        James P. Krauzlis
                                        305 Broadway, Ste 1202
                                        New York, New York 10010
                                        (212) 286-0225